
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 4 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVIS LYNN WATSON<br><br>Petitioner,<br><br>VS.<br><br>RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ NO. 3-09-CV-1111-K |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Travis Lynn Watson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner pled guilty to murder and was sentenced to 55 years confinement. His conviction and sentence were affirmed on direct appeal. *Watson v. State*, No. 05-06-01604-CR, 2007 WL 3054281 (Tex. App.--Dallas, Oct. 22, 2007, no pet.). Petitioner also filed an application for state post-conviction relief. The application was dismissed because a direct appeal was pending. *Ex parte Watson*, WR-69,168-01 (Tex. Crim. App. Feb. 13, 2008). Petitioner then filed this action in federal district court.

II.

In five grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) he did not knowingly waive his right to a jury trial; (3) the indictment was defective; (4) he received

ineffective assistance of counsel; and (5) the sentencing judge was biased.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 55 years in prison for murder. His conviction was affirmed by the court of appeals on October 22, 2007. Petitioner did not file a motion for rehearing or seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter, or on November 21, 2007. TEX. R. APP. P. 68.2(a) (PDR must be filed within 30 days after state appeals court renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed an application for state post-conviction relief on December 11, 2007. The application was dismissed because the time for seeking discretionary review had not yet expired.[1] Petitioner filed this action in federal court on May 28, 2009.

The AEDPA statute of limitations started to run on November 21, 2007, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet he did not seek federal habeas relief until May 28, 2009--more than *18 months* later. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

---

[1] Petitioner is not entitled to statutory tolling during the time his state writ was pending. *See Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir.), *cert. denied*, 125 S.Ct. 141 (2004) (state writ filed during the pendency of a direct appeal is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and, therefore, does not toll the AEDPA statute of limitations). But even if the limitations period is tolled from November 21, 2007, the date petitioner's conviction became final, until February 13, 2008, the date his state writ was dismissed, a total of 85 days, his federal writ is still untimely.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE